# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DWAYNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. ___6:24-cv-03291_____ |
| v. | ) | |
| | ) | |
| ENERSYS ENERGY PRODUCTS INC. | ) | |
| f/k/a NORTHSTAR BATTERY | ) | |
| COMPANY, LLC, | ) | JURY TRIAL DEMANDED |
| *Serve Registered Agent*: | ) | |
|     CSC – Lawyers Incorporating | ) | |
|     Service Company | ) | |
|     221 Bolivar St. | ) | |
|     Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley P.C., and for his cause of action against Defendant EnerSys Energy Products Inc. f/k/a Northstar Battery Company, LLC, states, alleges, and avers to the Court as follows:

## PLAINTIFF

1.      Plaintiff is a resident of Greene County, Missouri.

2.      Plaintiff is African-American.

## DEFENDANT

3.      Defendant EnerSys Energy Products Inc. f/k/a Northstar Battery Company, LLC ("Defendant" or "EnerSys") is a Delaware corporation with its headquarters in Reading, Pennsylvania.  Service of Process may be perfected on Defendant by serving its registered agent in Missouri at the address listed in the caption.

4.      At all times relevant, Defendant acted by and through its duly authorized agents, servants, and employees.

5.      Plaintiff was employed by Defendant in the state of Missouri and within the judicial district of the United States District Court for the Western District of Missouri.

6.      At all relevant times, Defendant has continuously been doing business in the State of Missouri and has continuously had more than fifteen (15) employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2)

## VENUE AND JURISDICTION

9.      The actions alleged herein occurred in Jackson County and Greene County, Missouri.

10.     Plaintiff seeks damages in excess of $25,000.00.

11.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

12.     On July 18, 2024, the Equal Employment Opportunity Commission issued a Right to Sue Letter permitting Plaintiff to file a claim in District Court. A true and correct copy of this letter is attached hereto and incorporated herein by reference as Exhibit A.

13.     The present case was commenced fewer than ninety (90) days from the date Exhibit A was first issued.

14.     This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

15.     Venue is appropriate under 28 U.S.C. § 1391 and 42 U.S.C. §§ 2000 *et seq.* because the conduct complained of occurred within this District.

## FACTUAL ALLEGATIONS

16.     Plaintiff started working for Defendant at Defendant's Springfield, Missouri plant in or around September of 2020.

17.     Plaintiff suffers from depression and anxiety.

18.     When active, these conditions substantially interfere with Plaintiff's ability to work and interact with others.

19.     Despite his conditions, Plaintiff could perform his position with Defendant so long as he was provided reasonable accommodations.

20.     Defendant's management was made aware of the fact Plaintiff suffered from depression and anxiety.

21.     Plaintiff's wife passed away in February of 2023.

22.     Plaintiff's wife's death exacerbated Plaintiff's conditions.

23.     Because of his conditions and his wife's death, Plaintiff transferred to Defendant's Kansas City facility for a fresh start.

24.     While Plaintiff was working out of Defendant's facility in Kansas City, another employee engaged in racist behavior directed at Plaintiff, namely, calling Plaintiff "buckwheat."

25.     Plaintiff reported the employee's behavior to Defendant.

26.     In April of 2023, Plaintiff applied for protected medical leave because of the depression and anxiety stemming from the death of his wife.

3

27.     Plaintiff provided Defendant (through its third-party administrator) with medical information regarding his leave and anticipated return date of May 29, 2023.

28.     Plaintiff requested that this leave be extended to July 3, 2023 – when Plaintiff's medical provider believed he could return to work without restrictions.

29.     On or about June 13, 2023, Defendant's human resources department requested more information about the racial incident previously reported by Plaintiff.

30.     Plaintiff provided the requested information regarding the racial harassment incident shortly thereafter.

31.     Plaintiff was set to return to work on July 3, 2023, without restrictions.

32.     Despite having received information necessary to show Plaintiff was entitled to protected leave (or accommodations), Defendant terminated Plaintiff's employment on June 26, 2023.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (Disability Discrimination)

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley, P.C., and for Count I of his cause of action against Defendant, states, alleges and avers to the Court as follows:

33.     Plaintiff restates, realleges and reavers herein all preceding paragraphs of this Complaint as though they were fully stated herein *in haec verba*.

34.     Pursuant to the Americans with Disabilities Act ("ADA"), as amended, an individual is disabled for purposes of the Act when a person has an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(1). Major life activities include, but are not limited

to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working. *Id.* at (2). Major life activities also include the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions *Id.*

35.     Plaintiff's depression and anxiety are (and were) disabilities as defined by the ADA.

36.     The ADA prohibits employment discrimination of those with disabilities who can perform the essential functions of their job with or without a reasonable accommodation.

37.     The ADA also prohibits discrimination against those "regarded as" having a disability.

38.     Plaintiff could have performed the functions of his position if he had been permitted accommodation in the form of his requested leave from work.

39.     Plaintiff, as an individual with a disability, or as someone who was perceived as having a disability, is a member of a protected group pursuant to the Americans with Disabilities Act, 42 U.S.C. §12102.

40.     Defendant is an employer as defined by the Americans with Disabilities Act in that Defendant has engaged in an industry impacting commerce and has had more than twenty-five (25) employees during the relevant periods described herein.

41.     Plaintiff was subjected to a work environment that was discriminatory based on his disability and/or a perception of disability held by Defendant.

42.     The decision to terminate Plaintiff's employment occurred because of Plaintiff's protected status.

43.     Plaintiff is a member of a protected group and was subjected to discrimination due to his disability and/or a perception of disability; a causal nexus exists between the discrimination and Plaintiff's membership in the protected group; the discrimination impacted a term, condition, or privilege of Plaintiff's employment with Defendant; Defendant knew or should of known of the discrimination and failed to take prompt remedial action or engage in an interactive process to determine if an accommodation to perform Plaintiff's position was available in the form of leave until July 3, 2023; Plaintiff was subsequently discharged on account of his disability, the failure to engage in an interactive process, and/or a perception of disability held by Defendant.

44.     As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish.

45.     Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

46.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter this Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant awarding the following:

(a)     Ordering Defendant to take such reasonable actions as may be necessary to remedy the effects of Defendant's violation of the ADA;

(b)     Judgment against Defendant for Plaintiff's lost compensation and benefits, both back pay and front pay;

(c)     In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment or an equivalent position of employment if reinstatement is deemed feasible;

(d)     Compensatory damages in the maximum allowed by law;

(e)     Punitive damages in the maximum allowed by law;

(f)     Pre-judgment interest at the applicable legal rate on all amounts awarded;

(g)     Interest after judgement in the appropriate legal rate;

(h)     Plaintiff's reasonable attorney fees, expenses, and expert fees;

(i)     Plaintiff's cost of suit; and/or

(j)     Such other and further relief as the Court shall deem just and proper.

## COUNT II
## FMLA INTERFERENCE

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley, P.C., and for Count II of his cause of action against Defendant, states, alleges and avers to the Court as follows:

47.     Plaintiff restates, realleges and reincorporates herein all preceding paragraphs of this Complaint as though they were fully set-forth herein *in haec verba*.

48.     Plaintiff had worked for Defendant for more than a year and had been working full time for Defendant in the year preceding his need for leave as described herein.

49.     Upon information and belief, Defendant maintained more than fifty (50) employees within a seventy-five (75) mile radius of its Kansas City and Greene County facilities.

50.     Plaintiff was an eligible employee for leave under the FMLA.

51.     Plaintiff applied for leave through Defendant's human resources department.

52.     Defendant knew or should have known that Plaintiff's leave was for a qualifying condition in that Defendant had been provided information from Plaintiff's healthcare providers regarding his need for leave.

53.     Plaintiff was denied an opportunity to take leave consistent with the FMLA in that he was terminated while on leave that should have been FMLA qualifying.

54.     Defendant's conduct rises to a willful violation of the FMLA.

55.     Defendant interfered, restrained, and denied Plaintiff his rights pursuant to the FMLA. More specifically, Defendant interfered with Plaintiff's right to utilize FMLA qualified leave in failing to return him to work and terminating him as a result of his attempted use of said leave.

56.     As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has suffered and/or is entitled to the following:

      (a)     Lost wages, salary and benefits or other compensation;

      (b)     Interest at the prevailing rate on any wages, salary, employment benefits and/or other compensation denied or lost by Plaintiff as a reason due to Defendant's violation of the FMLA; and

      (c)     Liquidated damages equal to the sum of:

            (i)     The amount of lost wages, salary, employment benefits or other compensation; and

            (ii) Interest awarded on said monetary damages.

57.     Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; injunctive relief; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

## COUNT III
## FMLA DISCRIMINATION/RETALIATION

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley, P.C., and for Count III of his cause of action against Defendant, states, alleges and avers to the Court as follows:

58.      Plaintiff restates, realleges and reincorporates herein all preceding paragraphs of this Complaint as though they were fully set-forth herein *in haec verba*.

59.     Plaintiff was eligible for leave under the FMLA.

60.     Plaintiff was terminated requesting FMLA protected leave and providing information sufficient to notify Defendant that Plaintiff's leave qualified under the FMLA.

61.     Defendant retaliated and discriminated against Plaintiff because he attempted to exercise his rights provided by the FMLA.

62.     As a direct and proximate result of the actions of Defendant, as described above, Plaintiff has suffered and/or is entitled to the following:

9

(a)     Lost wages, salary and benefits or other compensation;

(b)     Interest at the prevailing rate on any wages, salary, employment benefits and/or other compensation denied or lost by Plaintiff as a reason due to Defendant's violation of the FMLA; and

(c)     Liquidated damages equal to the sum of:

(i)     The amount of wages lost, salary, employment benefits or other compensation; and

(ii)    Interest awarded on said monetary damages.

76.     Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and hereby requests an award of reasonable attorneys' fees, reasonable expert witness' fees, pre-judgment and post-judgment interest at the highest legal rate, and other costs of the action.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to his lost wages, salary and benefits; for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; for injunctive relief; for an award of attorneys' fees; for an award of reasonable expert witness' fees; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

## COUNT IV
## 42 U.S.C. § 1981
## Retaliation (Race)

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley, P.C., and for Count IV of his cause of action against Defendant, states, alleges and avers to the Court as follows:

63.    Plaintiff is African-American.

64.    Plaintiff was subjected to a discriminatory/harassing work environment based on his race.

65.    Plaintiff reported the racial discrimination/harassment to Defendant.

66.    Defendant retaliated against Plaintiff because he complained of racial discrimination/harassment.

67.    Defendant's retaliation resulted in Plaintiff's termination.

68.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

69.    As a further direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer mental and emotional distress and emotional pain and suffering.

70.    Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard for Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

11

71.    Plaintiff is entitled to his attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant awarding the following:

(a) Ordering Defendant to take such reasonable actions as may be necessary to remedy the effects of Defendant's violation of the Section 1981;

(b) Judgment against Defendant for Plaintiff's lost compensation and benefits, both back pay and front pay;

(c) In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment or an equivalent position of employment if reinstatement is deemed feasible;

(d) Compensatory damages in the maximum allowed by law;

(e) Punitive damages in the maximum allowed by law;

(f) Pre-judgment interest at the applicable legal rate on all amounts awarded;

(g) Interest after judgement in the appropriate legal rate;

(h) Plaintiff's reasonable attorney fees, expenses, and expert fees;

(i) Plaintiff's cost of suit; and/or

(j) Such other and further relief as the Court shall deem just and proper.

**COUNT V**
**Title VII of the Civil Rights Act of 1964**
**Retaliation (Race)**

COMES NOW Plaintiff, Dwayne Williams, by and through his attorneys of record, Hall Ansley, P.C., and for Count V of his cause of action against Defendant, states, alleges and avers to the Court as follows:

72.    Plaintiff is African-American.

12

73.     Plaintiff was subjected to a discriminatory/harassing work environment based on his race.

74.     Plaintiff reported the racial discrimination/harassment to Defendant.

75.     Defendant retaliated against Plaintiff because he complained of racial discrimination/harassment.

76.     Defendant's retaliation resulted in Plaintiff's termination.

77.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

78.     As a further direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer mental and emotional distress and emotional pain and suffering.

79.     Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard for Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

80.     Plaintiff is entitled to his attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant awarding the following:

(a) Ordering Defendant to take such reasonable actions as may be necessary to remedy the effects of Defendant's violation of the VII;

(b) Judgment against Defendant for Plaintiff's lost compensation and benefits, both back pay and front pay;

(c) In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment or an equivalent position of employment if reinstatement is deemed feasible;

(d) Compensatory damages in the maximum allowed by law;

(e) Punitive damages in the maximum allowed by law;

(f) Pre-judgment interest at the applicable legal rate on all amounts awarded;

(g) Interest after judgement in the appropriate legal rate;

(h) Plaintiff's reasonable attorney fees, expenses, and expert fees;

(i) Plaintiff's cost of suit; and/or

(j) Such other and further relief as the Court shall deem just and proper.

HALL ANSLEY,
A Professional Corporation

By: /s/ *Timothy A. Ricker*
     TIMOTHY A. RICKER
     Missouri Bar Number 62050
     ADAM P. PIHANA
     Missouri Bar Number 59540

3275 East Ridgeview
Springfield, MO  65804
Telephone:    417/890-8700
Facsimile:    417/890-8855
Email: apihana@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*

14